IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CAR TRANSPORTATION
BROKERAGE COMPANY, INC.                              PLAINTIFF

   v.   Civil No. 05-5126

BLUE BIRD COMPANY and
JOHN BLEAKLEY R.V. CENTER, INC.,
d/b/a JOHN BLEAKLEY MOTOR HOMES                      DEFENDANTS

## MEMORANDUM OPINION

 This matter is before the Court on motions by separate Defendant, Blue Bird Company ("Blue Bird")[1] and separate Defendant, John Bleakley R.V. Center, Inc. ("Bleakley")[2] to dismiss Plaintiff's, Car Transportation Brokerage Company, Inc. ("Car")[3], complaint against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); Blue Bird also moves to dismiss the Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3)[4]. (Docs. 3, 13.)

 The Plaintiff seek to revoke the contract for the sale of a Blue Bird motor coach because of fraud. The Plaintiff alleges that the motor coach is unmerchantable and that

---

[1] Blue Bird is a non-resident corporation not registered to do business in the State of Arkansas. *See* Blue Bird's Brief in Support of Motion to Dismiss Exhibit B.

[2] Bleakley is a non-resident corporation not registered to do business in the State of Arkansas, *See* Bleakley's Motion to Dismiss para.2.

[3] Plaintiff is an Arkansas corporation with its principal place of business in Springdale, Arkansas. *See* Complaint para. 1.

[4] Rule 12(b)(2)&(3) of the Federal Rules of Civil Procedure states, in part, "... [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...(2) lack of jurisdiction over the person, (3)improper venue. . . ."

Defendants fraudulently represented that the vehicle had not previously been owned and concealed known defects in the vehicle. Plaintiff seeks a revocation of the sale, the refund of $650,000.00, plus interest, and attorney's fees and costs pursuant to Title 15 U.S.C. 2310. Plaintiff further seeks punitive, incidental and consequential damages.

The issue is whether there are sufficient "minimum contacts" with the State of Arkansas to subject the non-resident Defendants to the jurisdiction of this Court. Should the Court find that there are sufficient "minimum contacts" for personal jurisdiction over Defendants, venue would be proper in this Court. However, should the Court find that there are insufficient "minimum contacts" and that personal jurisdiction over Defendants is not proper, the action should be dismissed.

## **Discussion**

In a diversity action, a federal court may assume jurisdiction over non-resident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment. *Bell Paper Box, Inc. V. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). The Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. *Mountaire Feeds, Inc. V. Argo Impes, S.A.*, 677 F.2d 651, 653 (8th Cir. 1982). In order to avoid dismissal of its case, the plaintiff must present a prima facie case of personal jurisdiction over the defendant. *Northrup King Co. v. Compania Productora Semillas Algondoneras*

*Selectas, S.A.*, 51 F.3d 1383 (8th Cir. 1995).

Personal jurisdiction refers to jurisdiction over a cause of action arising from or related to a defendant's actions within the forum state. *See Helicopteros Nacionales de Colombia v. Hall, S.A.*, 466 U.S. 408, 414 (1984); *Sondergard v. Miles, Inc.*, 985 F.2d 1389 (8th Cir. 1993). Due process requires "minimum contacts" between the non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *World Wide Volkswagen Corp. V. Woodson*, 444 U.S. 286, 291 (1980). Specifically, a defendant must have committed "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073(8th Cir. 2004)(quoting *Burlington Industries, Inc. V. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World Wide Volkswagen* Corp., 444 U.S. at 297.

The Court will consider actions or conduct that have bearing on the five factors stated by the Eighth Circuit to be determinative of whether the exercise of jurisdiction is consistent with due process, with "the first three factors being of primary importance. . . ." *Burlington Industries, Inc.*, 97 F.3d at 1102. The factors are: (1) "the nature and quality of defendant's contacts with the forum state; (2)

3

quantity of contacts; (3) source and connection of the cause of action with those contacts; and, to a lesser pedigree, (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Northrup King Co.,* 51 F.3d at 1387-88 (citing *Land-O-Nod v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983)) (additional citation omitted). Courts have elaborated on the third factor, i.e. the relationship of the cause of action to the contacts, to distinguish between specific and general jurisdiction. *Bell Paper Box*, 22 F.3d at 819 (citing *Helecopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984)).

When a plaintiff's cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. *Helecopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414. If a plaintiff's cause of action is unrelated to the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. *Id.* at 415 n.9.

After reviewing the parties' pleadings and applying the standard cited above, the Court finds the following facts are undisputed:

- \*   Blue Bird, a nonresident, is a Georgia corporation;
- \*   Blue Bird honored portions of a warranty regarding work performed in Georgia on the motor coach at issue;
- \*   Bleakley, a nonresident, is a Georgia corporation;

4

* Plaintiff, a resident, traveled to Georgia and purchased a Blue Bird motor coach from Bleakley;
* Plaintiff took delivery of the motor coach in Georgia;
* While in Georgia, Plaintiff presented the motor coach to Bleakley for repair after mechanical problems troubles occurred;
* There are no allegations by Plaintiff that the purchase or repairs of the motor coach occurred due to either Defendants' contacts with Arkansas;
* At no time did the Defendants enter into the State of Arkansas; and
* The Plaintiff caused the motor coach to be in Arkansas by driving it to Arkansas.

Plaintiff's cause of action clearly occurred in the state of Georgia, not Arkansas. The cause of action is not related to either of the Defendants' alleged contacts with Arkansas. Therefore, there is no basis for specific personal jurisdiction, as the alleged cause of action arose outside of Arkansas. The Court then must analyze whether personal jurisdiction under a theory of general jurisdiction is proper.

General jurisdiction may be proper if a non-resident defendant has "continuous and systematic" contacts with the forum state. *Id.* (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 415-16). "Merely entering into a contract with a forum resident does not provide the requisite contacts between a (nonresident) defendant and the forum state." *Mountaire Feeds, Inc.*, 677 F.2d at 655 (quoting *Iowa Electric Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303 (8th Cir. 1979)). The Court in *Mountaire* also commented that "[i]t is a defendant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists,

5

not its contacts with a resident." 677 F.2d at 655 (quoting *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 455 n.6 (8th Cir. 1977)). When multiple defendants are involved, each defendant's contacts with the forum state must be assessed individually. *Rush v. Savchuck*, 444 U.S. 320, 332 (1980).

**Separate Defendant Blue Bird**.

The facts found by the Court on Plaintiff's claim that this Court has personal jurisdiction over separate defendant Blue Bird are as follows:

- \*   Blue Bird is neither registered nor licensed to do business in Arkansas;
- \*   Blue Bird does not have an agent for service of process in Arkansas;
- \*   Blue Bird manufactured the motor coach in question in Georgia;
- \*   Blue Bird honored portions of a warranty repairs on the motor coach, which took place in Georgia;
- \*   Blue Bird's buses are sold in Arkansas, by an independent distributer, Central States Bus Sales;
- \*   Central States Bus Sales is not a subsidiary, representative, or alter-ego of Blue Bird;
- \*   United Engines is a Blue Bird factory authorized maintenance center, doing business in Arkansas; and
- \*   United Engines is not a subsidiary, representative, or alter ego of Blue Bird.

*See* Complaint (Doc. 1); Blue Bird's Motion to Dismiss (Doc. 3).

Plaintiff contends that Blue Bird has had "minimum contacts" with Arkansas through an independent distributor of Blue Bird School buses, Central States Bus Sales, and an independent factory-authorized maintenance facility, United

6

Engines, both located in and doing business in Arkansas. *See* Plaintiff's Response and Brief to Response to Motion Dismiss. (Docs. 10-11.)

When evaluating a defendant's contacts with the forum state, the court may consider contacts made with the forum state which were made by other parties on behalf of the defendant when the defendant has directed those activities. *Digi-Tel* Holdings *v. Proteq Telcoms*, 89 F.3d 519, 524 (8th Cir. 1996). A plaintiff must show that the defendant purposely directed its activities at the third-party for the Due Process Clause to be satisfied. *Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 615 (8th Cir. 1998) (citing *Burlington Industries, Inc.*, 97 F.3d at 1103). Merely placing a product in the stream of commerce is not enough to satisfy the "minimum contacts" requirement. *Guinness Import Co.*, 153 F.3d at 615.

Blue Bird cites *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100 (8th Cir. 1996), for the proposition that it does not have "minimum contacts" with the State of Arkansas and that the Plaintiff is unable to meet the burden to show a prima facie case of personal jurisdiction over the defendant. In *Burlington*, the Court reversed the district court's finding of personal jurisdiction over a nonresident defendant through its commercial contracts to sell goods through non-parties in Arkansas. The defendant in *Burlington* had no place of business in Arkansas, was not registered to do business in Arkansas, had no offices, inventory, bank accounts, real estate, personal property,

7

employees or agents in Arkansas. *Id.* at 1103.

In *Burlington*, the Court found it significant that the non-resident defendant had no office or agent in Arkansas and that no sales representative or other employee ever entered Arkansas in connection with the sales contracts at issue. The Court dismissed the trade secret claims due to lack of personal jurisdiction, even though the items in question were built and shipped from Arkansas (by a third-party contracted by the non-resident defendant) and the defendant sold its products to national retailers. The Court concluded that the defendant had insufficient contacts with Arkansas even though the defendant's

> products were sold to Arkansas retailers, including Wal-Mart, and Defendant's officers have traveled to Arkansas to obtain the Wal-Mart account. Defendant's space-dye machines were used to dye yarn incorporated into products sold, either retail sales or by catalogue, in Arkansas. Such facts, however simply mean that [*Defendant*] *functions as a manufacturer/merchant which sells goods through non-parties in the state of Arkansas.* Simple commercial contacts, unrelated to Burlington's trade secret claims are insufficient to establish personal jurisdiction.

*Id.* (emphasis added).

In the present case, Blue Bird is a Georgia corporation, while Central States Bus Sales and United Engines are both companies registered to do business in Arkansas. The Plaintiff contends that personal jurisdiction over Blue Bird exists and that venue in this Court is proper as Blue Bird has sufficient "minimum contacts" with Arkansas through the contacts of third-parties, Central States Bus Sales and United

8

Engines.  Plaintiff states that Blue Bird sells school buses through its "sales representative," Central States Bus Sales.[5] Based on the number of Blue Bird school buses found in Arkansas, Plaintiff contends that Blue Bird's contacts with Arkansas are substantial.[6]  Plaintiff further contends that Blue Bird's contacts with Arkansas are shown by Blue Bird's name appearing in an advertisement in a Little Rock, Arkansas phonebook.[7]

However, Plaintiff fails to present sufficient evidence that Blue Bird has any control over Central States Bus Sales[8], a distributor of Blue Bird school buses in Arkansas, or United Engines, a factory-authorized repair facility for Blue Bird motor coaches.  Additionally, the existence of Blue Bird's name in an Arkansas phonebook advertisement for Central States Bus Sales fails to shed any light on whether Central States Bus Sales has an adequate relationship with Blue Bird to support a finding of personal jurisdiction over Blue Bird. The Plaintiff has failed to show what, if any, activities or

---

[5] Plaintiff's Response to Motion to Dismiss (Doc. 10); Declaration of Clifford Riggins, Jr. (Doc. 12).

[6] *See* Plaintiff's Brief in Support of Response to Motion to Dismiss 2 (Doc. 11).

[7] *See* Plaintiff's Motion to Dismiss 2 (Doc. 10).

[8] The Plaintiff directs the Court to a mission statement appearing on Central States Bus Sales website, stating "In 1997 Blue Bird approached Gary Deekan about additional sales territory for the rest of Missouri and the state of Arkansas."  Exhibit B, 2 (Doc. 12).  However, this is insufficient to show that Blue Bird had any control over the distribution network or how the distribution network is set up.

conduct of Blue Bird caused the products and advertisement to be in Arkansas.

The existence of Blue Bird products in Arkansas "is insufficient to support a finding of general personal jurisdiction under a stream-of-commerce theory." *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1075 (8th Cir. 2004). While it is clear that Blue Bird school buses are in Arkansas, there is no evidence as to how they came to be in the forum State. "It is foreseeable that the purchasers of automobiles sold by [a defendant] may take them to [the forum State]. But the mere 'unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with a the forum State.'" *World-Wide Volkswagen Corp. Et Al.*, 444 U.S. at 298 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The Court has not been provided with sufficient evidence that Blue Bird created, controlled, or employed the distribution system that brought Blue Bird products to Arkansas, nor is there evidence that Blue Bird employees ever visited Arkansas or had any connection to Central States Bus Sales or United Engines. It follows that Blue Bird did not purposefully direct its activities toward Arkansas residents. Therefore, the Court finds that contacts of Central States Bus Sales and United Engines with Arkansas were not made on behalf of Blue Bird. Blue Bird's actions, as they pertain to this cause of action, are insufficient "minimum contacts" for the Plaintiff to

establish a prima facie case of personal jurisdiction over Blue Bird.

Even if the Court could find Blue Bird had sufficient "minimum contacts" with Arkansas through alleged business relationships with either Central States Bus Sales or United Engines, the facts of this case would not warrant the Court's exercise of personal jurisdiction over Blue Bird.

While purposeful availment by the defendant is a necessary condition for the exercise of personal jurisdiction, it is not always sufficient. In certain unusual cases, the "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities.'" *Falkirk Mining Co. v. The Japan Steel Works, Limited*, 906 F.2d 369, 374 (8th Cir. 1990) (quoting *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 477-78 (1985)) (additional cites omitted). In addition to applying the five factors articulated in *Land-of-Nod*, the Supreme Court also looked at

> the burden on the defendant, the interests of the forum state in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies.

*Falkirk Mining Co.*, 906 F.2d at 374 (citing *Asahi metal Industry Co. V. Superior Court*, 480 U.S. 102, 113 (1987) (a plurality of the Court found that the defendant's intentional

act of placing tire components in the stream of commerce, coupled with the knowledge that some of its components would end up in the forum state was not a sufficient basis for personal jurisdiction)). In *Asahi,* "[a] unanimous Court 'held that the substantial burden on the nonresident defendant, when weighted against the relatively lesser interest of the plaintiff and the forum state, precluded the exercise of jurisdiction consistent with due process.'" *Id.* at 375 (citation omitted).

The burden on Blue Bird to defend this case in Arkansas would be significant, as the evidence and witnesses related to Plaintiff's claim are located in Georgia, as are Blue Bird's offices and employees. Furthermore, Blue Bird would be forced to defend Plaintiff's claims in a state where it has no offices, agents, property, or employees. The State of Arkansas' interest over this case is minimal at most, as the contract for sale was created and executed in the State of Georgia, both the legal and physical transfer of the motor coach took place in Georgia, the initial alleged mechanical difficulties occurred outside Arkansas, and repairs on the motor coach took place in Georgia.

The reasonableness of finding personal jurisdiction over Blue Bird through "minimum contacts" made by an independent distributer and/or a factory-authorized service center would be defeated by fair play and substantial justice. Such a finding, on the basis of a remote relationship between Blue

12

Bird and an independent distributor or an authorized service center, would not comport with fair play when the item giving rise to the present cause of action is a motor coach (not a school bus) purchased and received in Georgia and where the mechanical difficulties involving the said motor coach were addressed in Georgia. To hold otherwise would violate the holding in *Asahi*, as the interests of Plaintiff and the State of Arkansas are outweighed by the substantial burden on the nonresident defendant, Blue Bird.

The Court agrees with Blue Bird that the Court does not have personal jurisdiction over Blue Bird. There are insufficient "minimum contacts" for the Court to exercise personal jurisdiction over Blue Bird. Additionally, personal jurisdiction over Blue Bird would not comport with fair play and substantial justice. Upon due consideration, Blue Bird's Motion to Dismiss is GRANTED.

**Separate Defendant Bleakley.**

The facts found by the Court on Plaintiff's claim that this Court has personal jurisdiction over separate defendant Bleakley are as follows:

* Bleakley is not licensed to transact business in Arkansas;
* Bleakley is a Georgia corporation;
* Bleakley does not have an agent for service of process in Arkansas;
* All transactions regarding the motor coach in question were conducted in Georgia, to include the sale and delivery of the motor coach; and

> \*    Bleakly performed repairs on the motor coach in Georgia.

*See* Bleakley's Motion to Dismiss (Doc. 13); Complain (Doc. 1).

The Plaintiff does not assert that the Court has personal jurisdiction over Bleakley based on Bleakley's contacts with Arkansas. The Plaintiff contends that the Court has personal jurisdiction over Bleakley due to Bleakley being Blue Bird's "dealer, representative, agent and alter-ego," thereby relying upon the Court's exercise of personal jurisdiction over Blue Bird. *See* Plaintiff's Brief in Support of Response to Motion to Dismiss 1 (Doc. 21). Plaintiff cites *In re North Dakota Personal Injury Asbestos Litigation No. 1*, 737 F.Supp. 1087 (N.D. 1990), for the proposition that personal jurisdiction is proper over a defendant not physically present in the forum state if another with sufficient contacts is acting as its alter ego.

To establish the propriety of personal jurisdiction over Bleakley, Plaintiff clearly relies upon the relationship between Bleakley and Blue Bird, and the contention that Blue Bird has sufficient "minimum contacts" with Arkansas for this Court to find the existence of personal jurisdiction over Blue Bird. However, this Court has found that there are insufficient contacts with Arkansas to find personal jurisdiction over Blue Bird. Therefore, Plaintiff's assertion that the Court has personal jurisdiction over Bleakley must likewise fail. Further, the Court declines to determine whether Bleakley is an alter ego for Blue Bird, as the issue

is moot with the finding that Blue Bird does not have sufficient contacts with Arkansas. Upon due consideration, Bleakley's Motion to Dismiss is GRANTED.

## Conclusion.

The Court finds that the Plaintiff has not met its burden as the moving party to clearly establish that the Court has personal jurisdiction over the Defendants. There is insufficient evidence that either Defendant had "minimum contacts" with Arkansas that would form the basis for personal jurisdiction, nor is there sufficient evidence that either Defendant committed an act by which they purposely availed themselves of the privilege of conducting activities within Arkansas–thus reaping the benefits and protections of its laws.

Upon due consideration, separate Defendants', Blue Bird and Bleakley, motions to dismiss for lack of personal jurisdiction are GRANTED and Plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(2). As the Plaintiff's action has been dismissed, the Court need not address the issue of venue. The parties shall bear their own respective costs and attorneys fees.

IT IS SO ORDERED this 30th day of November 2005.

        /S/ Robert T. Dawson
        Robert T. Dawson
        United States District Judge